Zou v. Barr

BIA
Schoppert, IJ
A205 433 863

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> > *Circuit Judges.**

_____

XIAO MING ZOU,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

17-2970(L),
18-1297(Con)
NAC

| | |
|---|---|
| FOR PETITIONER: | Gary J. Yerman, New York, NY. |
| FOR RESPONDENT: | Joseph H. Hunt, Assistant Attorney General; Anthony P. |

---

\* Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. *See* 2d Cir. IOP E(b).

Nicastro, Assistant Director;
Jenny C. Lee, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Xiao Ming Zou, a native and citizen of the People's Republic of China, seeks review of (1) an April 3, 2018, decision of the BIA denying his motion to reopen, *In re Xiao Ming Zou*, No. A205 433 863 (B.I.A. Apr. 3, 2018), and (2) an August 30, 2017, decision of the BIA affirming a December 12, 2016, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Xiao Ming Zou,* No. A205 433 863 (B.I.A. Aug. 30, 2017), *aff'g* No. A205 433 863 (Immig. Ct. N.Y. City Dec. 12, 2016). We assume the parties' familiarity with the underlying facts and procedural history.

## A. Docket 17-2970(L), Order of Removal

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d

2

Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Zou was not credible as to his claim that family planning officials twice detained and beat him for resisting China's family planning policy.

The agency reasonably relied on Zou's inconsistent statements regarding when he left China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). During his hearing, Zou repeatedly changed his testimony, stating that he had departed China in

September 2007, September 2012, or January 2012.  He attempted to explain that he has poor hearing in one of his ears and a "slow reaction."  The IJ was not compelled to credit these explanations because Zou did not provide evidence of hearing issues, he was asked the question numerous times, and he did not indicate that he did not understand the question.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Then, when confronted with his asylum application, which provided yet another departure date of February 2012, Zou immediately stated that his testimony was probably incorrect. The agency reasonably concluded that Zou's immediate disavowing of his testimony along with his ever-changing testimony regarding dates gave the impression that he was attempting to testify to memorized dates from his application rather than from actual experience.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (finding it reasonable for an IJ to conclude that changing testimony about dates of significant events along with demeanor may suggest

4

that an applicant is testifying from a memorized script instead of experience).

The agency also reasonably relied on Zou's inconsistent statements about the circumstances of his second alleged arrest in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In his asylum application, Zou stated that, in 2010, family planning officials knocked down the door while he and his wife were eating breakfast and beat and arrested Zou when he tried to prevent them from grabbing his wife. At his hearing, however, Zou testified inconsistently that, in 2010, his wife was in hiding and family planning officials arrested him at home for refusing to disclose her location. When confronted with this inconsistency, Zou claimed that he had forgotten and then repeated the contents of his application. When asked how he forgot that he was protecting his wife from arrest rather than refusing to provide her location, Zou again stated that he has a "slow reaction." The IJ was not compelled to credit this explanation, particularly when Zou recalled with precision the contents of his asylum application after a reminder of those contents. *See Majidi*, 430 F.3d at 80.

Having questioned Zou's credibility, the agency reasonably relied further on his failure to rehabilitate his

5

testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably declined to credit the letters from Zou's mother and wife because the authors were interested witnesses who were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). The IJ also acknowledged that Zou had presented a witness who attested to having seen Zou in China in February 2012, but the IJ reasonably concluded that this evidence did not overcome Zou's inconsistent testimony regarding when he departed China because, while the witness's statement was consistent with

6

Zou's application, it was inconsistent with Zou's changing testimony as to the date of his departure. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate.† *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

## B. Docket 18-1297(Con), Motion to Reopen

We review the agency's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006) ("[I]n reviewing the BIA's determination of whether previously unavailable

---

† Contrary to the BIA's and the Government's conclusions, Zou did not waive withholding of removal and CAT relief because the IJ denied all forms of relief on credibility grounds and Zou challenged the adverse credibility determination.

7

evidence supported [a] motion to reopen, we must inquire whether the evidence could have been presented at the hearing before the IJ.").

The BIA did not abuse its discretion in denying Zou's motion. First, the BIA did not err in finding that Zou's psychological evaluation was previously available because, although the evaluation was conducted and prepared after the IJ's and BIA's initial decisions, the evaluation discussed only events and health issues that predated Zou's 2016 hearing. *See* 8 C.F.R. § 1003.2(c)(1); *see also Norani*, 451 F.3d at 294. Further, the BIA did not err in its alternative dispositive determination that the psychological evaluation would not change the outcome of Zou's proceedings because it was based solely on Zou's account of events during one meeting and he did not present any objective evidence to support the assertions he made during the evaluation. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (recognizing that failure to establish prima facie eligibility for relief is a valid basis to deny motion to reopen).

The BIA also did not err in rejecting Zou's argument that the IJ should have evaluated his competency and required safeguards to help him proceed more effectively at his hearing. "[T]he test for determining whether an alien is

8

competent to participate in immigration proceedings is whether he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (BIA 2011). "When there are indicia of incompetency, an [IJ] must take measures to determine whether a respondent is competent to participate in proceedings." *Id.* at 480.

Contrary to Zou's contention, the BIA did not err in concluding that the record provided no indicia that he was incompetent. Zou demonstrated an understanding of the nature and purpose of his hearing, explicitly stating that he was applying for asylum because he was persecuted under China's family planning policy. *See id.* at 479. He was able to consult with his attorney who was present at his hearing. *See id.* And he had a reasonable opportunity to present evidence: he testified at length and demonstrated a clear understanding of the questions posed as evidenced by the responsiveness of his answers; and he had an opportunity to question his witness but chose to rely on his witness's affidavit only. *See id.* Further, although Zou claimed to

have trouble with his hearing and his response time when confronted with inconsistencies in his evidence, he clearly heard the questions posed given his responsive answers and he did not hesitate in recalling facts, particularly when reminded of the contents of his written application. Accordingly, there were no indicia that Zou was incompetent such that the IJ was required to take measures to determine competency. *See id.* at 480.

For the foregoing reasons, the petitions for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10